UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

US Federal Credit Union,

        Plaintiff,

v.                                                                                           Civil No. 06-4448 (JNE/SRN)
                                                                                             ORDER
Avidigm Capital Group, Inc.; Real Estate
Equity Strategies, LLC; REES-MAX LLC;
United States of America; the Hennepin
County Sheriff; Steven J. Mattson; and all
other persons unknown claiming any right,
title, estate, interest, or lien in the real estate
described in the complaint herein,

        Defendants.

      This is an action by US Federal Credit Union to foreclose a mortgage on property in which in the United States claims an interest. The facts of this case are generally undisputed and were largely summarized in *Real Estate Equity Strategies, LLC v. IRS*, Civ. No. 05-1008, 2006 WL 2506981, at *1-3 (D. Minn. Aug. 29, 2006). Briefly, James and Kathryn Moore defaulted on a mortgage on property located at 14909 Crown Drive, Minnetonka, Minnesota (Property). Avidigm Capital Group, Inc. (Avidigm), bought the Property at a sale by the Hennepin County Sheriff (Sheriff) on September 16, 2004. During the mortgagors' redemption period, the Internal Revenue Service filed three Notices of Intention to Redeem, and REES-MAX filed six Notices of Intention to Redeem. The mortgagors' redemption period expired on March 16, 2005.

      On April 11, 2005, the IRS presented $96,915.77 to the Sheriff to redeem the Property. The Sheriff rejected the IRS's redemption. The IRS nevertheless drafted its own Certificate of Redemption pursuant to 26 U.S.C. § 7425(d) (2000). On April 15, 2005, the IRS directed the Sheriff to forward the funds to Avidigm.

On May 17, 2005, Equity Strategies attempted to redeem the Property from Avidigm.[1] Because the IRS had already issued a Certificate of Redemption, Avidigm declined to issue a certificate to Equity Strategies. On May 18, 2005, Equity Strategies tendered $96,915.77 to the Sheriff. The Sheriff declined to issue a certificate to Equity Strategies, but agreed to hold the funds tendered pending a judicial determination of Equity Strategies' entitlement of a certificate. One week later, Equity Strategies commenced *Real Estate Equity Strategies, LLC v. IRS*. On August 29, 2006, the Court in that case ordered the IRS to revoke its Certificate of Redemption. 2006 WL 2506981, at *6. Reasoning that it seemed likely that Avidigm had an interest in whether Equity Strategies tendered an amount sufficient to redeem, the Court declined Equity Strategies' request for a declaration of entitlement to a Certificate of Redemption. *Id.* The Court has not entered a final judgment in that case. By separate Order of the date below, the Court has reconsidered the August 29 Order in *Real Estate Equity Strategies v. IRS*. *See* Fed. R. Civ. P. 54(b) (providing that any order is "subject to revision at any time" before entry of final judgment).

Unbeknownst to the IRS or Equity Strategies, Avidigm assigned the Sheriff's Certificate of Sale to US Federal Credit Union on September 21, 2004. US Federal Credit Union recorded the assignment on September 6, 2006. Avidigm also granted a mortgage on the Property to US Federal Credit Union on September 23, 2004. US Federal Credit Union recorded the mortgage on October 15, 2004. Avidigm allegedly defaulted on a promissory note made in favor of US Federal Credit Union. Steven Mattson allegedly guaranteed Avidigm's payment on the promissory note.

---

[1]   The parties in *Real Estate Equity Strategies v. IRS* agreed that REES-MAX filed the Notices of Intention to Redeem due to a scrivener's error. 2006 WL 2506981, at *2 n.2.

In this action, US Federal Credit Union seeks a money judgment against Avidigm and Mattson due to their alleged defaults; determinations that the attempted redemptions by the IRS and Equity Strategies were ineffective and that title to the Property vested in Avidigm subject to US Federal Credit Union's mortgage; and a mortgage foreclosure sale. In the alternative, US Federal Credit Union seeks to recover the redemption funds held by the Sheriff. Two motions are before the Court: (1) a motion for partial summary judgment by US Federal Credit Union; and (2) a motion for summary judgment by Real Estate Equity Strategies, LLC (Equity Strategies), and REES-MAX, LLC.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party "bears the initial responsibility of informing the district court of the basis for its motion," and must identify "those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party satisfies its burden, Rule 56(e) requires the party opposing the motion to respond by submitting evidentiary materials that designate "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In determining whether summary judgment is appropriate, a court must look at the record and any inferences to be drawn from it in the light most favorable to the party opposing the motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

Equity Strategies and REES-MAX assert that they are entitled to summary judgment because US Federal Credit Union has no interest in the Property to which any mortgage attached.

3

US Federal Credit Union contends that it is entitled to summary judgment on its claim that the attempted redemption by Equity Strategies is invalid.

The Court begins with the IRS's redemption. In April 2005, the IRS redeemed the Property. Avidigm could have contested the IRS's redemption but did not. *See Hughes v. Olson*, 77 N.W. 42, 42 (Minn. 1898); *Sieve v. Rosar*, 613 N.W.2d 789, 794 (Minn. Ct. App. 2000). Instead, Avidigm accepted the IRS's redemption money. Thus, Avidigm waived any defects in the IRS's right to redeem. *See Grant v. Bibb*, 152 N.W. 728, 729 (Minn. 1915); *Orr v. Sutton*, 148 N.W. 1066, 1069-70 (Minn. 1914). US Federal Credit Union concedes that the assignment of the Sheriff's Certificate of Sale by Avidigm to US Federal Credit Union was effective as to parties other than Avidigm and US Federal Credit Union when the other parties received notice of the assignment. Because notice of the assignment was not given until long after the IRS's redemption or Equity Strategies' attempted redemption, US Federal Credit Union, as Avidigm's assignee, cannot challenge either the IRS's redemption or Equity Strategies' attempted redemption. *See* Minn. Stat. § 507.34 (2006); *Berryhill v. Smith*, 61 N.W. 144, 144 (Minn. 1894).

The same conclusion is warranted with respect to US Federal Credit Union's assertion that the mortgage issued to it by Avidigm allows US Federal Credit Union to contest the IRS's redemption or Equity Strategies' attempted redemption. Avidigm did not have fee title when it granted the mortgage to US Federal Credit Union, and the IRS's redemption precluded Avidigm from acquiring fee title in the Property. *See Farmers & Merchs. Bank of Preston v. Junge*, 458 N.W.2d 698, 700 (Minn. Ct. App. 1990). Thus, the mortgage neither attached to the Property nor granted US Federal Credit Union a right to contest the IRS's redemption or Equity

Strategies' attempted redemption.  *Cf. Carlen v. Klammer*, 388 N.W.2d 792, 794 n.3 (Minn. Ct. App. 1986).

The conclusions above largely resolve the claims in US Federal Credit Union's Amended Complaint.  Count I and Count II seek to invalidate Equity Strategies' attempted redemption for various reasons; Count III seeks in part to foreclose the mortgage granted by Avidigm to US Federal Credit Union; and Count IV alleges that US Federal Credit Union, as Avidigm's assignee, is entitled to redemption funds held by the Sheriff.  The Court dismisses these claims with prejudice.  Count III also seeks monetary relief against Avidigm and Mattson for their alleged defaults.  The Court dismisses without prejudice this part of Count III.  *See* 28 U.S.C. § 1367(c)(3) (2000).

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. US Federal Credit Union's motion for partial summary judgment [Docket No. 14] is DENIED.

2. Equity Strategies and REES-MAX's motion for summary judgment [Docket No. 19] is GRANTED.

3. Count III of the Amended Complaint [Docket No. 7] is DISMISSED WITHOUT PREJUDICE insofar as it seeks monetary relief for Avidigm's and Mattson's alleged defaults under a loan agreement, a guaranty, or a note.  The Amended Complaint is otherwise DISMISSED WITH PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  March 8, 2007

                                                   s/ Joan N. Ericksen
                                                   JOAN N. ERICKSEN
                                                   United States District Judge